## SESSIONS v. LIVINGSTON PARISH SCHOOL BOARD.
### No. 1296.

Court of Appeal of Louisiana. First Circuit. March 6, 1934.

Rownd & Warner, of Hammond, for appellant.

Robt. S. Ellis, Jr., Dist. Atty., of Amite, for appellee.

MOUTON, Judge.

Plaintiff instituted this suit against defendant board for the sum of $630 with legal interest from judicial demand, for salary alleged to be due her as assistant principal of the Magnolia School located in the parish of Livingston.

The court below rendered judgment in her favor for $17.50, from which she appeals.

Her contract, as school teacher, was entered into on June 16, 1931, with D. H. Rogers, superintendent of the public schools for the parish of Livingston. The contract is for a session of nine months, and is in writing, as required by law. She was employed at a salary of $70 per month, with the right reserved by the school board to terminate the agreement at any time, should it appear that she was inefficient, incompetent, or unworthy; this reservation being in compliance with section 48 of Act No. 100, 1922, p. 218.

In the concluding part of the contract, it is declared, that her appointment and the agreement is made with the authority of the school board of the parish of Livingston, which authorized the superintendent who signed the contract to bind the school board according to resolution spread upon its minutes. There is no evidence, oral or documentary, affecting the binding effect of this declaration in the contract. It is substantially confirmed by the testimonial proof in the record.

After five days of service by plaintiff as assistant in the Magnolia School, she was discharged by the superintendent. It is not contended that she was incompetent, inefficient, or unworthy to warrant her discharge under section 48 of Act No. 100 of 1922, or under the stipulations of the contract which embodied the causes for dismissal, as provided for in that section of the statute.

Rogers, the superintendent, testifies that he discharged plaintiff, under discretionary power given him by the school board, for lack of funds to pay the teachers that had been employed.

Under section 20, Act No. 100 of 1922, amended by Act No. 110, 1928, p. 126, the school boards have the power to determine the number of teachers to be employed, and whether by the month or the year. The determination of this question, however, should be made before the teachers are employed, and not after.

In this case the contract was entered into for the scholastic year by the superintendent and with full authority by the defendant school board. It was binding on defendant for nine months, the term of the agreement.

Plaintiff was perfectly willing to continue her work and able to render the services required of her under the agreement. She was dismissed without cause, and is entitled to recover her salary for nine months at $70 per month, with legal interest as demanded.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount of $17.50 to the sum of $630, and that plaintiff have judgment against defendant board in that sum with 5 per cent. per annum interest thereon from judicial demand, and, as amended, the judgment be affirmed, defendant to pay all cost of court.